UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SENIOR OPPORTUNITY FUND
OPERATIONS-I, LLC, et al.,

        Plaintiffs,

        v.                                      Case No. 22-C-1008

ASSISTED LIVING BY HILLCREST LLC, et al.,

        Defendants.

---

## ORDER GRANTING MOTION TO DISMISS PARTY

---

      Plaintiffs Senior Opportunity Fund Operations-I LLC and OpCo THAL LLC (collectively, SOFO) filed this action against Defendant Assisted Living by Hillcrest LLC for breach of contract (Counts I and II). SOFO asserted additional claims for civil theft (Count III), conversion (Count IV), and money had and received (Count V) against Hillcrest; Amy Doolittle Doro, its owner and operator; and Jackie Dey, one of its employees (collectively, the Hillcrest Defendants). SOFO also asserted a negligence claim against Capital Credit Union (CCU) for an alleged failure to use due diligence in allowing Doro and Dey to open new business accounts in Hillcrest's name. CCU filed a crossclaim for indemnification against the Hillcrest Defendants for equitable indemnification. The court has jurisdiction under 28 U.S.C. § 1332. The case is before the court on CCU's motion for a court order dismissing with prejudice all claims brought by and against CCU pursuant to Fed. R. Civ. P. 41(a)(2). For the following reasons, CCU's motion will be granted.

      SOFO and CCU have entered into a confidential settlement agreement resolving SOFO's claim against CCU. Br. in Supp. at 1, Dkt. No. 64. Based upon its agreement with SOFO, CCU

seeks dismissal of both SOFO's claim against it and its crossclaim against the Hillcrest Defendants. Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Although SOFO has not submitted a formal request that its claim against CCU be dismissed, CCU states in its motion that it has been authorized "to state Plaintiffs do not oppose" its motion and the court is satisfied that is sufficient. Br. in Supp. at 1. CCU's motion is opposed, however, by the Hillcrest Defendants.

The Hillcrest Defendants "do not dispute the court's authority to dismiss CCU from the action pursuant to Fed. R. Civ. P. 41(a)(2)." Br. in Opp'n at 3, Dkt. No. 65 (cleaned up). Instead, the Hillcrest Defendants oppose CCU's motion on the ground that the court should condition CCU's dismissal on disclosure of the settlement amount agreed to by SOFO and CCU in their confidential settlement agreement. The Hillcrest Defendants intend to request a setoff for the amount CCU paid against any liability they may have. For this reason, they contend such a condition would be in the interest of justice and conserve resources.

Rule 41 authorizes the court to condition dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The Seventh Circuit has lamented that such a standard is "terribly vague" and the proper reading of the statute inserts "reasonably" between "court" and "considers." *Wells Fargo Bank, N.A. v. Younan Props/, Inc.*, 737 F.3d 465, 467 (7th Cir. 2013). In this case, the court concludes it would not be reasonable to condition CCU's dismissal on CCU's disclosure to the Hillcrest Defendants the terms of its confidential settlement agreement with SOFO. The Hillcrest Defendants have no claim against CCU, and CCU's claim against them is being dismissed. Presumably, the Hillcrest Defendants can obtain the confidential settlement agreement through discovery from SOFO, assuming they would be entitled to set off the amount

2

of money, if any, that CCU paid against whatever liability they may be found to have. The Hillcrest Defendants can also issue a third-party subpoena to CCU pursuant to Fed. R. Civ. P. 45 to obtain a copy of the confidential settlement agreement, at which time CCU would be able to challenge their right to the agreement via a motion to quash. Fed. R. Civ. P. 45(d)(3). In any event, because SOFO has agreed to dismiss its claim against CCU, and the Hillcrest Defendants have no claim of their own against CCU, they lack any standing to object to CCU's motion to dismiss SOFO's claim against it.

**IT IS THEREFORE ORDERED** that CCU's motion to dismiss (Dkt. No. 63) is **GRANTED**. All claims by or against Capital Credit Union are hereby dismissed with prejudice and without costs to any party.

Dated at Green Bay, Wisconsin this <u>28th</u> day of February, 2025.

_____
William C. Griesbach
United States District Judge