UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

SENIOR OPPORTUNITY FUND
OPERATIONS- I, LLC
365 Canal Street, Suite 2260
New Orleans, LA 70130

And

OPCO THAL, LLC					Case No. 22-CV-1008
365 Canal Street, Suite 2260
New Orleans, LA 70130

          Plaintiffs,

  v.

ASSISTED LIVING BY HILLCREST, LLC
1889 Commerce Drive
De Pere, WI 54115

And

AMY DOOLITTLE DORO
6402 Maple Rock Road
Reedsville, WI 54230

          Defendants

---

**Civil L. R. 7(h) Expedited Non-Dispositive Motion to Compel Disclosure of Settlement Agreement between Plaintiffs (Senior Opportunity Fund Operations-I, LLC and OPCO THAL, LLC) and Capital Credit Union pursuant to Fed.R.Civ.P. 37.**

---

  **PLEASE TAKE NOTICE THAT** Defendants, Assisted Living by Hillcrest, LLC, ("ALBH") by and through their attorneys, hereby move pursuant to the expedited non-dispositive motion procedure of Local Civil Rule 7(h) for an Order compelling Plaintiffs Senior Opportunity Fund Operations-I, LLC and OPCO THAL, LLC ("Plaintiffs") to produce the complete settlement

1

agreement(s) between the Plaintiffs and Capital Credit Union ("CCU") pursuant to Fed.R.Civ.P. 37. The grounds for this Motion are fully set forth as follows:

## Material Facts

On May 8, 2023, Plaintiffs filed a First Amended Complaint ("FAC") adding a claim against CCU for Negligence relating to their alleged contribution to and facilitation of ALBH's improper opening and use of a bank account. [ECF Doc 27 ¶¶212-219]. The core claims asserted by Plaintiffs against ALBH arise out of alleged damages resulting from ALBH's opening and use of the bank account maintained by CCU. ALBH's affirmative defenses include among other things, a right to offset and the existence of intervening or superseding causes. [ECF 30 p 21]

On January 22, 2025, CCU filed a motion to dismiss, citing that CCU and the Plaintiffs entered into a confidential settlement agreement that resolved all claims between the two parties and that CCU was dismissing its cross-claim against ALBH. ALBH opposed the motion on grounds that the Court could and should condition the dismissal on disclosure of the confidential settlement agreement to ALBH. The Court granted CCU's motion and denied the ALBH request for disclosure of the settlement agreement. The Court's February 28, 2025 Order and Opinion explained the "Hillcrest Defendants can obtain the confidential settlement agreement through discovery from SOFO, assuming they would be entitled to set off the amount of money, if any, that CCU paid against whatever liability they may be found to have." [ECF Doc 69 p2]

On February 28, 2025, counsel for ALBH sent a single document demand to Plaintiffs pursuant to Fed.R.Civ.P. 34 asking for:

2

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 36**: Produce a complete copy of the executed settlement agreement between the Plaintiffs Senior Opportunity Fund Operations- I, LLC and Opco Thal, LLC and Defendant Capital Credit Union Service Corp. including the amount of the settlement paid by the Defendant.

Plaintiff made no response to the request. On April 2, 2025 counsel for ALBH sent an email to Plaintiff's counsel requesting a meet and confer conference due to the failure of Plaintiff to respond to document request #36. On April 7, 2025 counsel for ALBH and Plaintiff briefly discussed the production issue and Plaintiff's counsel advised that he was seeking approval from CCU to produce the settlement agreement pursuant to the terms of the confidentiality provision between CCU and Plaintiffs. On or about April 11, 2025, counsel for Plaintiff and ALBH held their meet and confer conference. Plaintiff's counsel advised that Plaintiff was amenable to producing the settlement agreement but it could not do so because CCU would not consent. As of the filing of this motion, the production remains unanswered and Plaintiffs have not provided a formal written response to document request #36.

### Legal Argument

Federal Rule of Civil Procedure 26(b) states:

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

The document sought by ALBH is relevant to the claims and/or defenses and is discoverable under Rule 26. Having failed to produce the document for inspection and having failed to seek a protective order otherwise preventing the obligation for production, ALBH asks this Court to enter an Order pursuant to Fed.R.Civ.P. 37 compelling Plaintiff to produce a copy of the executed

3

settlement agreement between Plaintiffs and CCU including the amount of the settlement paid by CCU.

Dated: April 17, 2025.

> NORTHEAST LAW GROUP, LLC, Attorneys for Defendants Assisted Living by Hillcrest, LLC and Amy Doolittle Doro
>
> */s/ Adam Deutsch*
> Adam Deutsch, Esq.
> MA Bar No. 569173
> Northeast Law Group, LLC
> P.O. Box 60717
> Longmeadow, MA 01116
> (413) 285-3646
> adam@northeastlawgroup.com
> COUNSEL FOR DEFENDANTS

---

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 37

Adam Deutsch, Esq of full age hereby certifies as truthful:

On April 2, 2025 I requested a meet and confer with counsel for Plaintiff to discuss the discovery dispute addressed by this motion. Thereafter on April 7, 2025 and again on or about April 11, 2025, I spoke with Plaintiff's counsel Tom Burnett by phone to discuss resolution of the outstanding production. Mr. Burnett advised me that counsel for CCU would not consent to disclosure of the settlement agreement between the Plaintiffs and CCU, and that accordingly, relief would have to be sought by motion to this Court. It is my understanding that Plaintiff does not object to producing the settlement agreement between itself and CCU to ALBH.

The within statements are made truthfully under oath.

Dated April 17, 2025:        */s/ Adam Deutsch*

---

## CERTIFICAITON OF SERVICE

Adam Deutsch, of full age hereby certifies that on April 17, 2025, a copy of all moving papers were served on opposing counsel via the ECF/CM system and email.

*/s/ Adam Deutsch*

4